Keep Mr. Sleeper in the box and call up Mr. Robinson. We'll hear next United States v. John Jackson. Good morning and may it please the court. My name is Matthew Robinson on behalf of the appellant, John Jackson. I would like to reserve four minutes for rebuttal. We raise three assignments of error in this appeal. First, that the motion to suppress that was filed by a trial counsel should have been granted by the district court. Second, that there's insufficient evidence to convict on the counts of 2, 3, and 4, which is transportation of minors with intent to engage in sexual intercourse. And then finally, there was insufficient evidence of intent to produce quote-unquote child pornography. I'll start with the motion to suppress. Well, yeah, we know what your arguments in your briefing are, so if I may, I'd like you to just start by verifying I think what is a point of agreement, which is on this probable cause for the search warrant, our standard is not to decide whether there was probable cause. Our review is limited to asking whether there was a substantial basis for the magistrate judges finding a probable cause, right? That's correct. Okay, and that's a meaningful difference, right? Certainly is a meaningful difference, Your Honor, and you're pointing out the weakness in my argument. But we go on because there's more important errors that occurred. I would submit, though, Your Honor, that at the time in the district court that the probable cause wasn't necessarily shown based upon the affidavit. However, I also have to understand the district court's rulings and the standard that we are faced with right now. I think that the larger problem was with the execution of the warrant itself. There may have been the belief or probable cause or a substantial basis for the magistrate to believe that evidence of child pornography would be located in the defendant's residence based upon attachments that were not part of the affidavit. Well, they were, though. They just weren't left at the premises. That's correct. However, the case law is very clear that that is a Fourth Amendment violation when the— They've confessed error on that. As they rightly should have, they gave that up. And their argument is, yeah, but under these circumstances, exclusion is not the appropriate remedy. So let's address that. If there was—well, let's start with this premise. For the exclusionary rule to apply, the government misstep or misfeasance or malfeasance or however you want to characterize that under particular circumstances of the case has to have been the but-for cause of the evidence that's in question being acquired. Correct? I think I'm following your question, Your Honor, so yes. Yeah. So it has to—in other words, if they hadn't done the bad thing they did, they wouldn't have gotten the evidence. It's got to be the but-for cause of getting the evidence. Correct. Okay. That being the case, how is the fact that they didn't do what they should have done as a technical matter and give the affidavit as well as the front page of the warrant to Mr. Jackson and this lawyer, how is that in any way the but-for cause of them getting the evidence which by terms of the warrant they were entitled to get? The answer is, Your Honor, they were entitled to evidence that was connected to or would show the production of child pornography. The evidence that was obtained was not. Well, that goes to the scope of the warrant. Right. And I think that's a separate question. Let's assume for the sake of our discussion that they didn't pick up the pillow or the chain or the marijuana, that they didn't pick up any of those things. Would you agree that the but-for causation is not met as to the things related to child pornography? I would agree that the agents conducting the search would have the right to take the electronics, the iPhone, the iPads, but the other items, no. Okay. Then we're agreed on that, that it's not the but-for cause as to those matters you just named. Now let's talk about those other items and explain to us why they're not just covered by the plain view exception. They're in the house. They're entitled to take things. Why aren't they evidence of crime in plain view? Well, for one thing, they're simply items that could appear anywhere. Whether these items were reflective of a criminal act is not reflected in the warrant, and it's also not evident from just looking at these items that they picked up. Well, drugs and drug paraphernalia, you'd have to agree that that's evidence of crime, right? Yes, but it's not evidence of child pornography, which is what this warrant specifically said the agents were looking for. But once they find it in plain view, it doesn't matter. With the exception of the fact, Your Honor, that they did not leave any of the attachments with the defendant or his attorney at the residence. We're putting that piece aside to just look at plain view for a minute. Okay. If it's plain view, it's plain view, right? It is, unless they don't have the right to be there for those purposes at that point, unless the warrant is invalid. The warrant didn't become invalid at the entry. The problem arose when they failed to leave the attachments to the warrant itself. So they entered the premises with authorization from a magistrate judge, and so they're at the place that they can be. And while at that place, they could see in plain view items they knew from their investigation was evidence of a crime. Let's give you a different hypo. Okay. The government goes in for security fraud violations to a trading house, and so it's going to filing cabinets where it's hiding to look. It opens one filing cabinet drawer, and it discovers a bloody machete with human hair on it. Can the government seize the bloody machete with obviously human hair on it at that point? I would say yes, Your Honor. Well, why is that different? The agents are in a place they're authorized to be. They're looking in a place where the items sought lawfully by the warrant could be found, a filing cabinet. And then they find evidence of something. It's not evidence of a securities violation, but it sure looks like an evidence of a violent crime. How is that different from this case? Well, it's different because really the marijuana and the grinder, the evidence of crime, really is not significant in this case. That's what they maybe could have seized. However, what was seized was a bracelet, a pillow, and things that have nothing to do with production of child pornography, have no evidentiary value in terms of proving that they're- Mr. Robbins, when you say have nothing to do with the production of child pornography, they do have something to do with the production of child pornography in this case. Yes. The agent said, I watched what Mr. Jackson had recorded with the phone. I watched it. These are the things that are in that video. These things are evidence that directly tie the video to this location and to this person. Why is that not evidence in the ordinary sense of the word? That is information that makes it more likely that it goes to proving the point that this man committed this crime with which he is charged. Because the evidence, yes, in this case, but it's not listed. There's no way for anyone to know what they were- But the point of view doctrine doesn't require a listing on the warrant. That's the point, right? And so I think what Judge Jordan would say is that the agent who ran the search had watched the video and knew on the video of the child pornography that is the subject of count one, the pillow, the chain, the other items Judge Jordan mentioned, were evidence and made it more likely than not that this individual created that child pornography. I understand Your Honor's points. However, I can't get away from the case law that leads me to the fact that these items still needed to be suppressed specifically because of the fact that the attachments were not left after the search, and that tainted this search to such a degree that there's no- How did it taint the search? I guess maybe we're just going around on this. At the end of the day, your entire argument is they didn't leave the attachment. Ergo, everything should have been suppressed that they got at the apartment, at the home, right? That's the- Essentially, the way the case law pans out, yeah. I mean, in terms of if you're not following this, and it's not just because they did it one time, and that's the critical point here. The HSI agent who testified said she had never, ever in her career left the attachments with anyone when she offers a search warrant. It was never, unequivocally, never have I ever done this, Judge. And in those instances, that is a Fourth Amendment violation, and I understand Your Honor's points. Well, we're not- Just to be clear, we're not making points. We're asking questions, right? Yes, yes. So, and the questions are meant to understand, is there a legal basis for what you're saying? And you've raised now an important one, which you can be sure we're going to be asking the Assistant U.S. Attorney about, which is, yeah, what are we to do if there's a systemic problem? But let's assume for our discussion right now that we were just focused on this one case, and we set aside the issue that we've been discussing for the last 11 minutes. I just want to ask you, what is the foundation for saying that, because it appears to be your position in the briefing, that the only purpose, the sole purpose, for luring a 15-year-old or 14-year-old or 16-year-old into sex was to make a video? It seems to be your argument that there isn't sufficient evidence to sustain the conviction for child porn because it wasn't the only purpose. And maybe I misread your brief. If I did, you can correct me, but I'm not sure where the basis in law is for the argument that that's got to be the principle reason for drawing the person into a sexual encounter. I understand, Your Honor. And I'll just cite a case. It's a Fourth Circuit case. I can't find anything out of the Third Circuit. It's USA v. Palomino-Carnando. It's cited in the brief, 805, Fed 3rd, 127, Fourth Circuit, 2015. And it's essentially holding that it's a case where an individual took a photo of a minor engaged in some sort of sexual act, but it was one single photo. Doesn't that make it materially different than our case, the fact that it was a single photo in Palomino, as opposed to an image taken on a recording where the direction of the camera was directly at the private parts of the participants? I mean, doesn't it make it very different? I think it's similar in the sense that it's one video and not a collection of things on a computer. This is one spontaneous instant where a picture was taken, or a video. Whether it's a picture or a video, I'm not sure whether that matters. It's a question of intent, right? I mean, here's Third Circuit case law, the Heinrich case. We said that the purpose of that law, 2251A, requires only that the defendant specifically intend to produce a visual depiction of conduct that he orchestrated. Okay? That's the intent. He held that phone for a minute or more. How is that not evidence of his intent to create a visual depiction of the sex act? I can only say it's not the intent to create child pornography. It's similar to someone had an intent to take a picture. You have the same intent, and the district court, and I know I'm running out of time, but the district court made a point at this at sentencing. You can't just infer the fact that the picture was taken, that that was the intent. It's simply, you know, the picture was taken. He clearly intended to put his finger on the button to record, right? But was it a spontaneous event? Was the purpose of the sexual encounter to produce child pornography? Why does it have to be an exclusive purpose or a sole purpose? Our precedent doesn't say that. A purpose is enough. Isn't it a significant purpose? I agree with Your Honor, and that is what Third Circuit precedent says. I'm relying on a case of the Fourth Circuit. I understand that's not precedential here. However, I think that it is persuasive, and it is a similar case, and it goes toward the idea of intent to produce rather than, you know, a spontaneous action. Just I did have one question on. Yes, Your Honor. You had made representations both in your opening brief at page 26 and your reply brief at page 5 that this agent's error shows, quote, a continuous pattern of misconduct by the authorities, plural. And you say something very similar in your reply brief. What is the evidentiary basis for that statement? Because the only evidence we have on the record is Agent Blyden's, as you said, routine failure to leave the attachments A and B. So what is the evidentiary basis for that continuous misconduct by authorities, plural? My evidentiary basis is what you stated. It's her testimony. When I say the authorities, she is an authority. I don't know. I don't have evidence. There's no evidence on the record that other agents were this way. But the fact that this one agent, and she is an agent of the federal government at this stage, that needs to be imputed to all the authorities. And essentially, if that is the process here that she's engaged in, then that is incorrect. And that's why the good faith exception shouldn't apply. With that, I would like to. . . Okay. Thanks. Thank you, Your Honor. We'll have you back on rebuttal, Mr. Robinson. We'll ask Mr. Sleeper to come forward and speak on behalf of the United States. Good morning, Your Honor. Adam Sleeper on behalf of the United States. I'm going to jump into the failure to leave the affidavit issue, unless the court would like to direct me to it. No, I think that's actually a place you ought to jump in. And you can jump in right at the point where, actually, I think basically Mr. Robinson was leaving it, which is effectively what the Haring decision from the Supreme Court says, namely where there's a recurring or systemic negligence, that it may be time to impose the exclusionary rule. Why aren't we there when you can indeed read the statements from the agent who was responsible for the search as acknowledging she never leaves the affidavit in attachment to the search warrant? And when the district court noted that that's not the only time this happens. It wasn't just Agent Blyden. It had happened with other agents in front of the district court that they weren't doing it. So why shouldn't we be taking that argument from the defense very seriously in this case? Your Honor, the Haring decision addressed a situation where there was but-for causation. So I don't read Haring as indicating that a recurring issue can provide a basis for suppression in the absence of but-for causation. So is the government's position that the courts really have no role here? The whole purpose of the exclusionary rule is to deter unlawful government conduct. Taken at face value, your argument seems to be we can keep doing this forever. We can keep not leaving what case law in the Third Circuit has said for literally a couple decades is necessary and constitutes a Fourth Amendment violation when you don't do it. And there's nothing you can do about it if it's not a but-for cause. There's no thing you can do. No, your Honor, that's not what I'm saying. What I'm saying is that the suppression remedy is not a personal right and there are potentially other ways that this could be enforced. We're not even suggesting it's a personal right. I'm trying to get at the question like what's a mother to do as the old advertisement used to say, right? What are we supposed to do to deal with a systemic problem if we were to believe it is a systemic problem and there's some evidence on this record to indicate it is a systemic problem? Well, your Honor, there's a long discussion of this in the Hudson case and what the court pointed to there is there's the potential availability of civil remedies but ultimately at the end of the day, you know, suppression would not be the appropriate remedy for an error like that. And I think that, well, what would be? We should tell Mr. Jackson, sue the officer? Is civil remedy really the thing? It's not a gotcha question, this is a real like talk to us. What are we supposed to do when confronted with something that looks like this is a recurring Fourth Amendment violation? An agent says, I never do that and I've been doing this a long time, says it right on the record. And the district court says, you're not the only one. I've heard somebody else say the same thing. Are we just supposed to say, oh, that's, you know, that's how things roll or are we supposed to do something about it? Well, Your Honor, I think first, while this is a case where there was no but-for causation, there is the potential for a case where there could be but-for causation. Wait for that one? If you wanted to give a suppression remedy, it would have to wait for that case. Would you say that this is clearly a step, clearly established law requires turning over? I think it would be very difficult for the government to argue to the contrary. All right, so should damages be available? Maybe not enormous damages, but some kind of damages? Yes, Your Honor, and I think this was discussed in Hudson with the knock-and-announce rule. You know, there may not be extreme damages for a violation of the knock-and-announce rule, but there is the potential for damages to be available there. So there are other ways to enforce this, but there's nothing that I read. And if you look at Justice Kennedy's concurrence in Hudson, it specifically seizes on this, saying, you know, if there were a widespread pattern of violation, maybe we would need to reconsider our precedent on needing but-for causation. But that's the Supreme Court. The Supreme Court has precedent on requiring but-for causation. They have not reexamined that precedent in light of cases where there was no but-for causation, and that's the law of the land right now, Your Honor. Judge Jordan has asked you about the district court's opinion where it said, this isn't the first time I've heard this, and cites United States v. Merchant as the example of where this has happened again. There's a representation in the government's brief that the HSI entity in the Virgin Islands had been told, leave the attachments A and B. Has there been any other action by the government to notify all of the investigative agencies who are working and executing government's federal search warrants that this is a requirement? Your Honor, if you want more detail, I could follow up with a letter. My recollection is, and in candor to the Court, I do believe there has been another case around that time where there was this issue, and I think that there were- Other than Merchant, or are you talking about Merchant? I believe other than Merchant, and I believe that there was a follow-up with that agency there regarding this matter. But I'm speaking from my recollection of what occurred many years ago. If the Court is very interested in this question, I can follow up. I just wanted to see if I could get a government representation. I accept where you have to put some parameters on that. But apropos to what my colleagues are saying, an experienced agent said she never did it. The district court judge said, I've seen this before. And again, apropos to what my colleagues are saying, what are we to do to ensure that these important requirements are met? And I'm sure, as the prosecutor, you would like them to be met so you're not arguing before the Third Circuit about, once again, the attachments A and B were not left behind. So is the remedy a civil remedy? That would appear to be. And is it because suppression here would not- it would outweigh the societal value of the evidence secured, and there's no but-for causation because the agents would have grabbed these items had the attachments A and B been left behind? Yes, Your Honor. And I think there's- if I were to do steps of the inquiry, I think the first inquiry needs to be, is there but-for causation? And if there is no but-for causation, there's no suppression. The next step would be look at the, you know, is it facially invalid? Obviously we fall out there. And then we move to the balancing that's done and right. Now, the balancing that's done and right, it talks about the purposes of the Fourth Amendment and it talks about what is gained. And that analysis, except for purposes of recurrent negligence, really looks much like the but-for test. So in cases where there is no but-for causation, we end up effectively doing something very much like but-for causation, though with the court in some cases leaving this language out there, well, maybe if it's recurrent. But the point being that really we only get there if one of those first two purposes of the Fourth Amendment weren't satisfied, if it did start to look like a general warrant or the magistrate did not approve everything. And in those circumstances, then there could potentially be a look at the recurrent or systemic negligence. Is there no – can you not point us to any training, any work that's being done with the agencies to tell us, yeah, we really do take this seriously. We understand the Constitution is meaningful. We understand that the courts have spoken on this directly. We have taken steps. Here are the steps we've taken. There's nothing you can point us to to give us comfort for that, huh? I can't point you to training. I can point you to I think there was a representation here that there was contact with the agency regarding this needed to be done. And I can tell you that my recollection, my personal recollection, and, again, I can follow up with, I can dig down on this, is that there was contact with at least one other agency about this to make sure that it was happening. The U.S. Attorney's Office has the ability to call the federal agencies together, right? Yes, Your Honor. And if the U.S. Attorney's Office and the District of the Virgin Islands wanted to do a training on this, it could do it, I presume? Certainly, Your Honor, and I think that's something that, you know, I hear the court's concern. I, again, this is anecdotally, I don't recall there being at least a court case on this issue more recently. But I think Judge Jordan's asking is the United States Attorney as the Chief Law Enforcement Officer of the District of the Virgin Islands could summon all the federal agencies together and do a review of the requirements, the particularity requirement of the Fourth Amendment, correct? Yes, Your Honor, and the court's concerns are heard, and I will certainly convey that to the U.S. Attorney. That's great. Thanks. Anything else? No, sir. Okay. Unless you've got something else for us, Mr. Sleeper. We're good. I do not. Thank you, Your Honor. Thanks. Mr. Robinson. Thank you, Your Honors. Just a couple brief points. I think it would be great if there was training for the officers down here so that the Fourth Amendment could not be violated. However, I also believe that the case law is pretty clear that the Third Circuit panel has the ability to issue a ruling to send a message, which is the purpose of these courts' rulings on the Fourth Amendment. When there's a systemic failure, we need to stop the government from it. You need to answer Mr. Sleeper's statement of law from Hudson. Yes, there is a but-for requirement. Yeah. I understand that, but as the Supreme Court has alluded, there could be circumstances where the but-for requirement is not a hindrance for suppression. In other words, there's such a systemic failure that the need to suppress outweighs. What do we make of Justice Kennedy's assertion that if it got so bad, maybe we'd revisit our precedent? Doesn't that pretty well imply that unless they revisit their precedent, their precedent requires but-for causation, like not but-for causation unless there's recurring, but you've got to have but-for causation. And then the question of recurring and systemic problem, that comes in if you're through that screen, as your learning council on the other side has said, you're through that screen and you're wondering whether or not the balance justifies imposing exclusion. You know, his position is that's a hard stop. If there's not but-for, you're done. You seem to be arguing but-for is not a hard stop. If it's recurring, you could still exclude. And I guess I'm wondering, and he's got a case he's citing to us. What are you relying on? I'm relying on good faith and a good faith change in law, Your Honor. And I think the way you get to the Supreme Court for this litigation is through case law. It has to get there. Okay. With that, Your Honor, unless there's other questions. I do have just one question. Yes, Your Honor. On count one, your challenge says the sufficiency of the evidence. I'm not quite clear whether or not the argument you're making in front of us was preserved before the district court. So can you tell me what your argument is as to why there's a lack of sufficiency? Is it state of mind? Is it the purpose for which the video was created? It's- And if that's your argument in front of us, was that the argument you made in the district court? The argument that was made in the district court was there was insufficient evidence. There was a motion for judgment acquittal filed by previous counsel. The argument that I'm making is a little more fine-tuned towards just the intent and the fact that the case law says the purpose of bringing the minor into the sexual environment was to produce the child pornography. That's not the case here. He may have intended to have sex with the minor, but- But that specific argument was not really the one made in the district court. Am I right? And it really has to do with our standard of review. No, Your Honor. It wasn't specifically made in that manner. No. That helps me so that we know what our standard of review is. Thank you, Your Honor. Thank you. Thank you very much. Thank you very much, Mr. Robinson. We appreciate both counsel's argument. We take that under advisement.